**NOT PRECEDENTIAL**
### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

_____

No. 23-3029
_____

IN RE:  ANTHONY WILLIAMS,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:21-cv-05135)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 20, 2023

Before:  CHAGARES, Chief Judge, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed April 2, 2024April 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

On November 16, 2023, Anthony Williams filed a pro se petition for a writ of

mandamus asking this Court to order the District Court to adjudicate his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order entered March 26, 2024,

the District Court adopted the Magistrate Judge's report and recommendation and denied

Williams' habeas petition.  As Williams' mandamus petition no longer presents a live

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding
precedent.

controversy, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").